**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000306
13-FEB-2017
09:18 AM**

NO. CAAP-15-0000306

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KATHY JO AKANA, also known as KATHY JO TAMSING, Defendant-
Appellant, and ALLISON TAKUMI KUDO, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0790)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kathy Jo Akana, also known as Kathy Jo Tamsing (Akana), timely appeals from the March 11, 2015 Judgment of Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit[1] (Circuit Court), convicting her of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711 (2014)[2].

As her sole issue on appeal, Akana challenges the denial of her presentence "Motion to Withdraw Plea of Guilty [sic] and to Reset Case for Trial" (Motion). After a careful review of the issue raised and the arguments made by the parties, the applicable authority and the record, we resolve Akana's issue as follows and affirm.

---

[1]    The Honorable Dexter D. Del Rosario presided.

[2]    HRS § 707-711(1)(d) provides:

A person commits the offense of assault in the second degree if: [t]he person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

(Formatting altered.)

"A defendant does not enjoy an absolute right to withdraw his or her guilty plea." State v. Topasna, 94 Hawai'i 444, 451, 16 P.3d 849, 856 (App. 2000).

> [W]here, as here, the motion is made before the court passes sentence,
>
>> a more liberal approach is to be taken, and the motion should be granted if the defendant has presented a fair and just reason for his request and the [prosecution] has not relied upon the guilty plea to its substantial prejudice.
>
> . . . .
>
> Where the record pertaining to the motion to withdraw guilty plea is complete, as it is in this case, "[t]he defendant has the burden of establishing plausible and legitimate grounds for the withdrawal." . . .
>
> If the defendant cannot carry the threshold burden of showing a "fair and just reason" for withdrawing the plea, the following issue of the State's detrimental reliance upon the plea is of no consequence.
>
> The two fundamental bases for showing a "fair and just reason" for withdrawing a guilty plea are (1) that the defendant did not knowingly, intelligently and voluntarily waive the rights relinquished upon pleading guilty, or (2) that changed circumstances or new information justify withdrawal of the plea.
>
> Where the first fundamental basis is concerned, as it is in this case, the defendant is entitled to withdraw the guilty plea if
>
>> (1) the defendant has not entered the plea knowingly, intelligently, and voluntarily; (2) there has been no undue delay in moving to withdraw the plea; and (3) the prosecution has not otherwise met its burden of establishing that it relied on the plea to its substantial prejudice.
>
> In this case, [defendant] moved with celerity to withdraw his guilty pleas. And the State does not argue that it detrimentally relied upon [defendant's] pleas. Hence the only relevant inquiry on this appeal is whether [defendant] knowingly, intelligently and voluntarily entered his pleas of guilty.
>
> Generally, we review the trial court's denial of a motion to withdraw guilty plea for abuse of discretion.

Id. at 451-52, 16 P.3d at 856-57 (citations omitted).

Akana argues that because she "was not good at reading or writing and had a hard time understanding," was deprived of her anti-depressant medications and was on suicide watch while she was in custody (prior to her arrest for the instant charge), was concerned about her boyfriend's heart condition and wanted to see him and her family, it "affected her understanding of her

plea." However, Akana herself testified that she understood the documents and materials provided to her prior to her plea and she presented no evidence regarding how the lack of her medication affected her at the time of her plea. See State v. Merino, 81 Hawaiʻi 198, 225, 915 P.2d 672, 699 (1996) (rejecting defendant's arguments that a number of medications interfered with his ability to exercise sound judgment in entering his plea).

Moreover, the Circuit Court that accepted Akana's plea had before it the Change of Plea form signed by Akana, and a transcript of the change of plea proceedings, neither of which indicate confusion, hesitancy, or misunderstanding by Akana regarding the entry of her plea. On this record, we conclude that the Circuit Court did not abuse its discretion by denying Akana's Motion.

Therefore, the March 11, 2015 Judgment of Conviction and Probation Sentence, entered by the Circuit Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, February 13, 2017.

On the briefs:

Randal I. Shintani,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3